```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>RICHARD BALTER, et al.,<br><br>             Defendants.<br>_____<br><br>RICHARD BALTER,<br><br>         Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Criminal No. 93-536-01 (JBS)<br>              &<br>Civil No. 08-1475 (JBS)<br><br><br>**OPINION** |

**SIMANDLE**, District Judge:

   This matter is before the Court on Petitioner Richard Balter's motion for reconsideration of the Court's March 29, 2010 Opinion and Order denying his petition for writ of mandamus to enforce an order the Court entered upon the criminal docket [Criminal Docket No. 93-00536] in which he is a defendant [Civil Docket No. 08-1475, Docket Item 17].  THE COURT FINDS AS FOLLOWS:

   1.  At issue is Petitioner's attempt to obtain the return of personal and business records seized prior to his criminal trial from his business, Northeastern Poly Product, Inc. ("NPP"),

pursuant to Rule 41(g), Fed. R. Crim. P.  On March 24, 2008, Petitioner filed a motion for writ of mandamus, asking the Court to enforce it orders, entered on his criminal docket [Criminal Docket No. 93-00536, Docket Items 8 & 16], requiring the return of seized property under Rule 41(g) [Civil Docket No. 08-1475, Docket Item 1].

    2.  On March 29, 2010, the Court filed an Opinion and Order denying Petitioner's request for a writ of mandamus, concluding that Respondent had complied with the Court's order under Rule 41(g) and returned to Petitioner all seized property currently in Respondent's possession.  The Court found that Respondent retained only twenty-one boxes of material related to Petitioner's conviction and sentencing and destroyed any remaining property, including some of the seized personal property Petitioner seeks.  (March 29, 2010 Opinion at 7-12.) The Court further found that Respondent "appropriately sorted out those documents constituting Mr. Balter's personal and business records" from the other material contained in the twenty-one boxes (which included attorney work product and grand jury transcripts) to produce two boxes, which were delivered to Petitioner.  (Id. at 8.)  Finally, the Court observed that while Petitioner might be entitled to some other relief as a result of the destruction of his property, Rule 41(g) is not the appropriate mechanism.  (Id. at 12.)

3.  On May 4, 2010, Petitioner mailed his motion for reconsideration of that Opinion and Order.  In his various submissions, dated April 23, 2010 (and mailed on May 4, 2010), May 19, 2010, and July 17, 2010 [Civil Docket No. 08-1475, Docket Items 17, 18 & 23], Petitioner argues that the government illegally seized his property from NPP, that those records are exculpatory, that he began requesting those documents from Respondent via letters in 1995, and that he is entitled to the contents of all twenty-one boxes that Respondent retains.

4. Local Civil Rule 7.1(i) governs the Court's review of Petitioner's motion for reconsideration.  Rule 7.1(i) requires the moving party to file a reconsideration motion within ten business days of entry of the order and to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  To succeed on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not

considered." P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted).  The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly.  United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994); Maldonado v. Lucca, 636 F. Supp. 621, 629 (D.N.J. 1986).

    5.  As an initial matter, Petitioner's motion for reconsideration is untimely.  While court records reflect that there was some delay in service of the May 29, 2010 Opinion and Order (Petitioner had not informed the Court of his new location at USP Coleman as required by Local Civil Rule 10.1(a), and so the Clerk of Court was required to re-mail the Opinion and Order after discovering Petitioner's new location from the Bureau of Prisons website [Civil Docket No. 08-1475, Docket Item 16]), Petitioner admits that he received these documents on April 11, 2010 [Civil Docket No. 08-1475, Docket Item 17 at 2].  He did not mail his motion until May 4, 2010 [Id. at 6].  As a consequence, even taking into account Petitioner's present incarceration, see Houston v. Lack, 487 U.S. 266, 276 (1988) (prisoner's filings are deemed filed upon mailing), Petitioner's motion was not filed until seventeen business days after he received the Order and Opinion (and thirty business days from entry of the Order and Opinion).  The Court will therefore deny Petitioner motion as

untimely.  See Adams USA, Inc. v. Reda Sports, Inc., 220 F. App'x 139, 141 (3d Cir. 2007) ("An untimely motion for reconsideration is 'void and of no effect.'") (quoting Amatangelo v. Borough of Donora, 212 F.3d 776, 780 (3d Cir. 2000)).

6.  Moreover, even if Petitioner's motion were timely, it fails on the merits.  Petitioner does not point to any intervening change of law nor does he offer any evidence that was previously unavailable (all the evidence submitted with his motion to reconsider are documents that existed well before the Court entered its opinion in this case).  Petitioner similarly does not offer any dispositive factual matters or controlling law that the Court overlooked.  Instead, he reiterates arguments already considered and addressed by the Court in its March 29, 2010 Opinion and Order.  Petitioner's unsubstantiated accusations regarding the illegality of the seizure of NPP property and the exculpatory nature of that property and his mere assertion that he is entitled to the remaining nineteen boxes of material[1] because everything else has been destroyed do not establish a clear error of law or fact in the Court's original opinion.  Nor

---

[1] The Court will reiterate, because Petitioner's arguments reveal some confusion, that the remaining nineteen boxes do not contain material covered by the Court's orders under Rule 41(g).  Instead, the Court has found that the remaining boxes contain documents related to Petitioner's criminal trial but not Petitioner's personal property (the only documents subject to the Court's orders under Rule 41(g)).  (March 29, 2010 Opinion at 7-8.)

5

do the letters requesting these documents prior to moving under Rule 41(g) show that the Court's decision was incorrect, let alone that it has led to manifest injustice.  In short, Petitioner's motion to reconsider does not establish that there is a genuine dispute regarding either the nature of the documents in the twenty-one boxes retained by Respondent nor the destruction of all other property.  Petitioner has failed to offer valid grounds for reconsideration.

    7.  For the foregoing reasons, the Court will deny Petitioner's motion for reconsideration.  The accompanying Order shall be entered.


**July 26, 2010**                       **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                              United States District Judge